IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GENEVA LANGWORTHY,

    Plaintiff,

vs.                                                                                          No. 1:25-cv-00402-WJ-SCY

EMILIO CHAVEZ,
STEVEN ROMERO,
ANITA SINTAS,
AMY SEIDEL,
JEFFREY A. SHANNON,
FRANCIS MATTHEW,
KIM MOORE,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the ADA Complaint filed by Plaintiff Geneva Langworthy on March 20, 2025, in New Mexico state court and removed to this Court on April 28, 2025 **[Doc. 1, 1-2]**. The Court will dismiss the Complaint without prejudice for failure to comply with Court orders and rules and failure to prosecute.

The record reflects that certain mailings to *pro se* Plaintiff Geneva Langworthy have been returned as undelivered (*see* Doc. 33, 37, 40, 46, 48, 50, 51, 52). It appears that Plaintiff has failed to keep the Court apprised of her address, as required by D.N.M. LR-Civ. 83.6, thus severing contact with the Court.[1]

---

[1] *Pro Se* Plaintiff Langworthy was granted leave to participate in electronic filing through the CM/ECF system on May 1, 2025. **[Doc. 7]**. However, the order granting leave stated "[t]his Order only grants Plaintiff permission to participate in CM/ECF. Plaintiff is responsible for registering to become a participant. See CM/ECF Administrative Procedures Manual, District of New Mexico (Revised June 2024)." **[Doc. 7 at 10]**. Plaintiff never registered to participate in CM/ECF.

1

The Court issued an Order to Show Cause on November 5, 2025, directing Plaintiff to show cause within 30 days of entry of the Order why the case should not be dismissed for failure to obey a court order and failure to keep the Court apprised on her address. **[Doc. 49]**. More than 30 days has elapsed since entry of the Order to Show Cause and Plaintiff Langworthy has not provided the Court with a new address, responded to the Court's Order, or otherwise shown cause why the case should not be dismissed.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The local rules require litigants, including *pro se* plaintiffs, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Plaintiff Langworthy has failed to comply with D.N.M. LR-Civ. 83.6 and with the Court's November 5, 2025, Order to Show Cause.

Plaintiff Langworthy has not complied with the Court's orders and the Court's Local Rules, and has failed to prosecute this action by not keeping the Court apprised of her current address. The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes*, 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with the Court's Orders and rules and failure to prosecute this proceeding.

**IT IS ORDERED:**

(1) all pending motions **[Doc. 6, 9, 10, 19, 21, 32, 34]** are **DENIED as moot;**

(2) the ADA Complaint filed by Plaintiff Geneva Langworthy on March 20, 2025, in state court **[Doc. 1-2]** and removed to this Court on April 28, 2025 **[Doc. 1]** is **DISMISSED without**

**prejudice** under Fed. R. Civ. P. 41(b) for failure to comply with the Court's Orders and rules and failure to prosecute.

/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE